IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DIANA ROSA RODRIGUEZ ITURRALDE, as Next Friend on behalf of OSBIEL PEREZ-MARTINEZ,<br><br>Petitioner,<br><br>vs.<br><br>CHIEF FOLEY, Jail Administrator, Phelps County Jail, et al.,<br><br>Respondents. | 8:26-CV-596<br><br>ORDER TO SHOW CAUSE |

The petitioner, Osbiel Perez-Martinez,[1] seeks immediate release from U.S. Immigration and Customs Enforcement custody in the Phelps County Jail in Holdrege, Nebraska. Filing 1. Pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts,[2]

[1] An application for a writ of habeas corpus may be signed and verified by the prisoner seeking release or by someone acting in his behalf. 28 U.S.C. § 2242; *see Whitmore v. Arkansas*, 495 U.S. 149, 163-65 (1990) ("next friend" may have standing to seek writ of habeas corpus in federal court where real party in interest is unable to litigate their own cause due to mental incapacity, lack of access to court, or similar disability); *see also Yessenia S.T. v. Bondi*, No. 26-CV-30, 2026 WL 102407, at *2 (D. Minn. Jan. 14, 2026) (next friend standing appropriate where immigration detainee lacked access to legal materials and translation services).

[2] Rule 1(b) of the Rules Governing Section 2254 Proceedings for the United States District Courts permits the Court to apply any or all of those rules to habeas corpus petitions arising under 28 U.S.C. § 2241. The Court chooses to apply Rule 4, which requires the clerk to serve a copy of the petition and any order on the respondents and the attorney general or any other appropriate officers.

IT IS ORDERED:

1. The Clerk of the Court shall, before docketing this order, add Assistant U.S. Attorney Christopher L. Ferretti for respondents Field Office Director and Markwayne Mullin solely for the purpose of providing notice and so that the U.S. Attorney's Office may assign counsel of record, and shall after doing so regenerate the filing for the petition.

2. The respondents shall, on or before **October 13, 2026**, make a return certifying the true cause and proper duration of the petitioner's detention and showing cause why the writ should not be granted.

3. The respondents' answer must include:

    a. Such affidavits and exhibits as are necessary to establish the lawfulness of the petitioner's detention in light of the issues raised in the petition;

    b. Such affidavits and exhibits as are necessary to establish the circumstances of the petitioner's initial contact with U.S. immigration officials, the basis for and conditions of his release from custody, if any, and a procedural history of his immigration and release status from the time of his initial encounter with U.S. immigration officials to the present;

c. A reasoned memorandum of law and fact explaining the respondents' legal position on the petitioner's claims;

d. The government's position on whether an evidentiary hearing should be conducted; and

e. Whether petitioner was arrested pursuant to a warrant and, if so, a copy of that warrant.

4. The petitioner may reply in support of the petition on or before October 20, 2026.

5. The respondents are enjoined from removing the petitioner from the United States and from the District of Nebraska until further order of the Court.

6. If the petitioner has already been removed from Nebraska, the respondents are ordered to immediately return the petitioner to Nebraska.

Dated this 6th day of October, 2026.

BY THE COURT:

John M. Gerrard

John M. Gerrard
Senior United States District Judge