IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DIANA ROSA RODRIGUEZ ITURRALDE, as Next Friend on behalf of OSBIEL PEREZ-MARTINEZ,[1]

Petitioner,

vs.

CHIEF FOLEY, Jail Administrator, Phelps County Jail, et al.,

Respondents.

8:26-CV-596

ORDER

The petitioner is a noncitizen currently detained by U.S. Immigration and Customs Enforcement. He seeks a writ of habeas corpus under 28 U.S.C. § 2241. Filing 1. The Court will deny the petition.

The petitioner is a native of Cuba who entered the United States at or near Key West, Florida on July 23, 2023. Filing 11 at 3; filing 11-1. He applied for asylum. Filing 1 at 2; filing 11 at 3. In December 2025 he was arrested for shoplifting in Hall County, Nebraska, and an ICE detainer was lodged. Filing 1 at 2, 4; filing 11 at 3. He was released to ICE custody on January 24, 2026, issued a notice to appear, and placed in removal proceedings. Filing 11 at 3; filing 11-1; filing 11-2, *see also* filing 1 at 2. On March 30, an immigration judge ordered the petitioner removed to Cuba. Filing 1 at 2; filing 11 at 4. The

[1] The Court finds that the uncontroverted allegations of the petition sufficiently establish the standing of the petitioner's next friend to bring this action on behalf of the petitioner. *See* 28 U.S.C. § 2242; *see also Whitmore v. Arkansas*, 495 U.S. 149, 165-65 (1990); *Yessenia S.T. v. Bondi*, No. 26-CV-30, 2026 WL 102407, at *2 (D. Minn. Jan. 14, 2026).

petitioner appealed to the Board of Immigration Appeals but on September 23, his appeal was dismissed. Filing 1 at 2; filing 11 at 4.[2]

The government's return suggests that the petitioner is properly detained pursuant to 8 U.S.C. § 1225(b)(2)(A), as construed by the Eighth Circuit in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). *See* filing 9. It's not clear why—rather, according to the record before the Court, the petitioner is subject to an administratively final order of removal, meaning he is detained pursuant to 8 U.S.C. § 1231(a)(2)(A), not § 1225(b)(2)(A). *See Johnson v. Guzman Chavez*, 594 U.S. 523, 534 (2021). And pursuant to § 1231(a)(2)(A), the petitioner's detention is mandatory for at least 90 days, after which time he "may be detained" or may be released under terms of supervision. *Le v. Warden, McCook ICE Det. Ctr.*, No. 4:26-CV-3041, 2026 WL 1078883, at *2 (D. Neb. Apr. 21, 2026) (citing § 1231(a)(6)).

Some of the petitioner's arguments seem to be collateral attacks on the order of removal. *See* filing 1 at 2; filing 14 at 1-2. But this Court lacks jurisdiction over such claims. *See* 8 U.S.C. § 1252(g). Instead, they must be exhausted before the administrative agency and then taken, if necessary, to the appropriate Court of Appeals. *See Mata v. Lynch*, 576 U.S. 143 (2015).

The petitioner would only be entitled to release if, after the presumptively reasonable six-month period to effect removal,[3] there is no

---

[2] The history of the petitioner's immigration proceedings found in pleadings is consistent with the information available on the Justice Department's Automated Case Information System, https://acis.eoir.justice.gov/en/caseInformation.

[3] The petitioner suggests that the Court should consider his total detention, not just the detention his order of removal became final. *See* filing 1 at 1. That matters because he was detained on state charges in December 2025, while his removal period only started on September 23, 2026 when his order of removal became administratively final. *See Johnson*,

significant likelihood of removal in the reasonably foreseeable future. *See Codina*, 283 F. App'x at 433 (citing *Zadvydas*, 533 U.S. 678); *see also Clark v. Martinez*, 543 U.S. 371, 386-87 (2005). But at this point, the petitioner's continued detention is consistent with due process.

IT IS ORDERED:

1. The petition for writ of habeas corpus is denied.

2. A separate judgment will be entered.

Dated this 20th day of October, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

594 U.S. at 528 (citing § 1231(a)(1)(B)). But it's clear that the beginning of the removal period also starts the clock for purposes of due process, *see Codina v. Chertoff*, 283 F. App'x 432, 433 (8th Cir. 2008) (citing *Zadvydas v. Davis,* 533 U.S. 678 (2001)), and it's equally clear that due process is not offended by detention while deportation proceedings are pending, *see Banyee v. Garland*, 115 F.4th 928, 933 (8th Cir. 2024) (citing *Demore v. Kim*, 538 U.S. 510 (2003)).